IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN<br>SECURITIES, DERIVATIVE and ERISA<br>LITIGATION<br><br>This Document Relates to:<br><br>*Ryan v. Morgan Asset Management,<br>Inc.*, No. 2:08-cv-02162-SMH-dvk | MDL Docket No. 2009 |

# REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF
# MORGAN ASSET MANAGEMENT, INC., ALLEN B. MORGAN, JR.,
# AND J. KENNETH ALDERMAN

Michael L. Dagley
Matthew M. Curley
W. Brantley Phillips, Jr.
BASS, BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238
(615) 742-6200

Shepherd D. Tate
Michael A. Brady
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, Tennessee  38103-3672
(901) 543-5900

*Attorneys for Morgan Asset Management, Inc.,
Allen B. Morgan, Jr., and J. Kenneth Alderman*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I. Plaintiff has failed to meet her burden of demonstrating that demand is futile under Maryland law. ................................................................................................................................ 2

    A. Maryland law is strict and requires near universal-demand. ............................... 2

    B. Maryland has explicitly rejected the Delaware approach to demand futility. ..... 4

    C. Plaintiffs' substantive allegations regarding the Directors do not excuse demand under Maryland law. ............................................................................................ 5

II. Plaintiff concedes Rule 9(b) applies, and offers no rebuttal to Defendants' argument that her Complaint fails to satisfy the particularity requirement of Rule 9(b) and the PSLRA. .............. 7

III. Plaintiff offers no argument against the enforcement of the exculpatory provisions contained in the Advisory Agreement and the Fund's Articles of Incorporation. ........................................ 8

IV. Plaintiff does not contest the fact that she improperly brought her § 11 claim. ........................ 9

CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
  129 S.Ct. 1937 (2009) ................................................................................................ 8

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................. 9

Blasband v. Rales,
  971 F.2d 1034 (3d Cir. 1992) .................................................................................... 7

Felker v. Anderson,
  2005 WL 602974 (W.D. Mo. Feb. 11, 2005) ............................................................ 3

In re Citigroup, Inc. S'holder Deriv. Litig.,
  964 A.2d 106 (Del. Ch. 2009) ................................................................................... 7

In re CNL Hotels & Resorts, Inc. Sec. Litig.,
  2005 WL 2219283 (M.D. Fla. Sept. 13, 2005) ......................................................... 4

In re InfoSonics Corp. Deriv. Litig.,
  2007 WL 2572276 (S.D. Cal. Sept. 4, 2007) .................................................... 3, 5, 6

Johnson v. Metro. Gov't of Nashville and Davidson County,
  2008 WL 3163531 (M.D. Tenn. Aug. 4, 2008) ......................................................... 1

Kernaghan v. Franklin,
  2008 WL 4450268 (S.D.N.Y. Sept. 29, 2008) .......................................................... 6

Rattner v. Bidzos,
  2003 WL 22284323 (Del. Ch. Ct. Sept. 30, 2003) .................................................... 6

Richardson v. Graves,
  1983 WL 21109 (Del. Ch. Ct. June 17, 21983) ......................................................... 8

Scalisi v. Fund Asset Mgmt, L.P.,
  380 F.3d 133 (2d Cir. 2004) ...................................................................................... 4

Sekuk Global Servs. Enters. Profit Sharing Plan v. Kevenides,
  2004 WL 1982508 (Md. Cir. Ct. Baltimore City May 25, 2004) .............................. 6

Washtenaw County Emp. Ret. Sys. v. Wells REIT, Inc.,
  2008 WL 2302679 (N.D. Ga. Mar. 31, 2008) ................................................... 3, 4, 6

Werbowsky v. Collomb,
  766 A.2d 123 (Md. 2001) ............................................................................................ *passim*

**Federal Statutes**

15 U.S.C. § 77k(a) ............................................................................................................... 9

15 U.S.C. § 80(a)-2 .............................................................................................................. 4

**State Statutes**

Md. Code Ann. Corps. & Ass'ns § 2-405.3 ........................................................................ 4

Case 2:08-cv-02162-SHM-dkv   Document 53   Filed 10/19/09   Page 4 of 15   PageID 3441

Morgan Asset Management, Inc. ("MAM"), Allen B. Morgan, Jr., and J. Kenneth Alderman respectfully submit this reply memorandum of law in support of their motion to dismiss this derivative action.[1]

## PRELIMINARY STATEMENT

Plaintiff Rebecca Ryan admits that she has not made a demand on the board of the RMK Multi-Sector High Income Fund, Inc. ("RHY Fund"), as required by Maryland law. In an abbreviated rehash of the demand futility arguments set forth in the Memorandum in Opposition filed by Plaintiffs in Landers v. Morgan Asset Management, Inc., No. 2:08-cv-02260-SMH-dkv (Docket Entry No. 37),[2] Plaintiff argues that demand is futile and should be excused. These arguments, however, are no more persuasive here than in Landers. While Plaintiff concedes that Maryland law applies, and even cites the correct legal standard for demand futility as set forth in Werbowsky v. Collomb, 766 A.2d 123 (Md. 2001), she ignores the actual holding of Werbowsky and relevant cases decided since and argues that demand should be excused on grounds that have been consistently rejected by courts applying Maryland law.

Plaintiff exclusively cites ***Delaware*** law in support of her arguments, and makes no effort whatsoever to explain or distinguish any of the extensive Maryland case law cited by Defendants in their opening memoranda. Plaintiff likewise ignores a controlling Maryland statute that provides that the overwhelming majority of the Fund's directors were independent for purposes of

---

[1] MAM and Messrs. Morgan and Alderman incorporate the arguments in the reply memorandum filed by the RHY Fund's Independent Directors.

[2] To the extent the arguments are applicable and not addressed in the present pleading, MAM and Messrs. Morgan and Alderman incorporate the arguments in the reply memoranda filed by defendants in the Landers action (Docket Entry No. 40). As in the Landers action, Plaintiff here improperly raises facts and issues in her Opposition that are not included in her original Complaint, including discussion of events that allegedly occurred *after* her Complaint had been filed. Such an attempt to present new facts at this stage in the proceedings is improper. See Johnson v. Metro. Gov't of Nashville and Davidson County, 2008 WL 3163531, *6 (M.D. Tenn. Aug. 4, 2008) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation omitted).

considering a demand. For all practical purposes, Plaintiff has conceded that demand is not futile under Maryland law, and the Court should dismiss her Complaint.

Even if one were to assume that Plaintiff's demand futility arguments were legally plausible, which they are not, Plaintiff fails to plead demand futility with the requisite particularity. Both Maryland law and Rule 23.1 of the Federal Rules of Civil Procedure impose a heavy burden of establishing demand futility through "very particular" allegations or evidence. Plaintiff's Complaint consists of nothing but conclusory allegations that parrot back legal standards. Courts have long rejected such an approach as grossly insufficient.

Finally, Plaintiff's Complaint should be dismissed on the merits. As set forth previously by Defendants, Plaintiff's Complaint is based on conclusory allegations of securities fraud. Plaintiff does not contest Defendants' argument that where she bases non-fraud causes of action on a common course of conduct grounded in fraud, the heightened pleading requirements of Fed. R. Civ. P. 9(b) and the PSLRA apply. The pleading deficiencies are especially glaring in this case, because Plaintiff has failed to plead any conduct outside the scope of the applicable contractual exculpatory provisions. For these reasons, dismissal of Plaintiff's Complaint is warranted and any request to re-plead Plaintiff's woefully deficient allegations would be futile and should be denied.

## ARGUMENT

### I. Plaintiff has failed to meet her burden of demonstrating that demand is futile under Maryland law.

#### A. Maryland law is strict and requires near universal-demand.

In Werbowsky, the Maryland Court of Appeals undertook an exhaustive review of demand futility law in jurisdictions across the United States, and explained that under Maryland law, the demand futility exception was as follows:

> [A] very limited exception, to be applied only when the allegations or evidence *clearly demonstrate*, in a very particular manner, either that (1) a demand, or a delay in awaiting a response to a demand, would

2

> cause irreparable harm to the corporation, or (2) a majority of the directors are so personally and directly conflicted or committed to the decision in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule.

Werbowsky, 766 A.2d at 144 (emphasis supplied).

Maryland law, as laid out in Werbowsky, imposes a heavy burden that Plaintiff has failed to meet. To avoid this stringent standard, Plaintiff conveniently looks to the more lenient legal standard under ***Delaware*** law to inform her analysis: "the question is whether there is a reasonable doubt that a director is able 'to act free of personal financial interest and improper extraneous influences'" when considering demand. (Pl.'s Opp. at 19.) "Reasonable doubt" however, is not the standard under Maryland law. To the contrary, Plaintiffs must "***clearly demonstrate***" demand futility under the Werbowsky test, which is a far stricter standard than in Delaware. See, e.g., In re InfoSonics Corp. Deriv. Litig., 2007 WL 2572276, *7 (S.D. Cal. Sept. 4, 2007) ("Delaware's requirements for demand futility are more permissive than Maryland's, requiring only that the facts alleged create a 'reasonable doubt' that the directors are disinterested and independent.").

Maryland's strict standard results in near-universal demand. See Werbowsky, 766 A.2d at 137 (observing that the legal trend has been "to circumscribe, if not effectively eliminate, the futility exception"). Recently, one United States District Court reviewed post-Werbowsky cases applying Maryland demand futility law, and noted that in fifteen cases – amounting to all but one reported case considering demand under Maryland law – courts have dismissed plaintiffs' complaints for failure to make a demand. See Washtenaw County Emp. Ret. Sys. v. Wells REIT, Inc., 2008 WL 2302679, at *14 n.6 (N.D. Ga. Mar. 31, 2008).[3]

---

[3] Courts have afforded no weight to the one case in which a court found demand futile under Maryland law since the issuance of Werbowsky, Felker v. Anderson, 2005 WL 602974 (W.D. Mo. Feb. 11, 2005). Courts have observed that Felker is "the only post-Werbo[w]sky case reviewing demand futility under Maryland law to find that demand was futile." Washtenaw County, 2008 WL 2302679 at 14. The district court in Washtenaw County rejected Felker on the grounds that it "appears to ignore Werbowsky's clear

3

Finally, as in the opposition submitted by the Landers Plaintiffs, Plaintiff glaringly fails to address a provision of Maryland law specific to directors of mutual funds, which provides that "[a] director of a corporation who with respect to the corporation is not an interested person, as defined by the [ICA under 15 U.S.C. § 80a-2], *shall be deemed to be independent and disinterested when making any determination or taking any action as a director.*" Md. Code Ann., Corps. & Ass'ns § 2-405.3(b) (emphasis supplied). This provision controls the Court's determination of whether a director is independent and capable of considering demand in the demand futility context.

Plaintiff's demand futility argument, therefore, fails outright. At the time Plaintiff commenced this action, MK Select's board was comprised of six directors, five of whom were outside directors and who were not "interested persons" within the meaning of the ICA. Plaintiff has pleaded no facts establishing otherwise in either her Complaint or Opposition to Defendants' motion to dismiss.[4]

### B. Maryland has explicitly rejected the Delaware approach to demand futility.

Plaintiff makes no serious effort to distinguish the substantial case law applying the standard set forth in Werbowsky cited by Defendants, relying instead on inapplicable Delaware case law. While Plaintiff pays lip service to Werbowsky, she asserts that "the Werbowsky court does not provide much guidance on the method by which a court should apply its demand futility test," and therefore, "an analysis of disinterestedness and independence under Delaware law may give

---

admonition that a court should not 'excuse the failure to make a demand simply because a majority of the directors approved or participated in some way in the challenged transaction or decision.'" Id. (quoting In re CNL Hotels & Resorts, Inc., 2005 WL 2219283, at *5 n.18 (M.D. Fla. Sept. 13, 2005) (rejecting Felker and quoting Werbowsky, 766 A.2d at 143-44)). Maryland law places a special importance on demand, "'even when a director would be hostile to the action,'" because it affords "'directors – even interested, non-independent directors—*the opportunity to consider, or reconsider,* the issue in dispute.'" Id. at *14 (quoting Scalisi v. Fund Asset Mgmt. L.P., 380 F.3d 133, 141 (2d Cir. 2004)). Finally, the district court's decision in Felker is not only inconsistent with every other case applying Maryland demand futility law, it fails to cite any authority for its conclusions and provides no legal analysis whatsoever.

[4] Plaintiff likewise has pleaded no facts in her Complaint showing that the Funds would suffer "irreparable harm" if Plaintiff waited for the Board to consider a demand. Nor does the Complaint contain any allegations regarding the futility of demand on the shareholders of the Funds.

4

guidance on the application of the Werbowsky test." (Pl.'s Opp. at 18-19.) This assertion is inaccurate and misleading. Not only was Werbowsky's analysis exhaustive, but the court expressly *rejected* Delaware law when formulating the Maryland standard. Werbowsky, 766 A.2d at 143 ("Nor are we disposed . . . to adopt in full the Delaware approach" to demand futility and noting that "few, if any, States have abandoned their existing law in favor of that approach."). In light of the standard set forth in Werbowsky and its application in cases decided since, it is clear that Plaintiff has failed to plead demand futility under Maryland law, and any Delaware authority cited by Plaintiff is entitled to no weight here.

### C. Plaintiffs' substantive allegations regarding the Directors do not excuse demand under Maryland law.

Plaintiff's Opposition otherwise focuses on the misguided argument that demand is futile "where a complaint indicates a 'substantial likelihood' of liability will be found." (Pl.'s Opp. at 20.) Under Maryland law, however, "substantial likelihood of liability" is not a permissible consideration when determining demand futility. See, e.g., In re InfoSonics Corp. Deriv. Litig., 2007 WL 2572276, at *7 ("[T]he Court does not believe that 'likelihood of liability' is a proper reason for finding demand on the Board to be futile. If 'likelihood of liability' is based on the allegations of the Complaint, all well-pled complaints would be able to establish demand futility.").[5]

Plaintiff cites no Maryland law to the contrary and offers no basis for distinguishing InfoSonics, except for the bare assertion that a different standard for demand futility applies where there is "no challenged transaction" and the directors "have already been sued in both derivative and class actions."[6] (Pl.'s Opp. at 22.) Moreover, her observation that InfoSonics is distinguishable

---

[5] In any event, Plaintiff has not demonstrated any "likelihood of liability," in light of her conclusory pleadings and the relevant exculpatory provisions, discussed infra at Part III.

[6] Not surprisingly, Plaintiff cites no law that supports her proposition that "[d]irectors who face civil liability in a related class action are conflicted where bringing a derivative action is likely to aid class action plaintiffs in establishing the directors' liability therein." (Pl.'s Opp. at 3, 5.)

5

because the "substantial likelihood of liability" in this case could result from a parallel class action employs circular logic. (Pl.'s Opp. at 23.) To hold that a plaintiff can avoid Maryland's demand requirement by copying her derivative allegations from another previously filed lawsuit flies in the face of the established Maryland principle that a determination of demand futility does not go to the merits of the underlying complaint. See Washtenaw County, 2008 WL 2302679 at *14 (citing Werbowsky 766 A.2d at 144) (holding that allegations of wrongdoing which form "a component of the challenged action that is the subject of this lawsuit, cannot be considered as a factor in determining whether demand was futile").[7]

Plaintiff's Opposition fails to address the demand futility allegations actually included in her Complaint, other than to make passing reference to an alleged business relationship between certain directors and Regions Bank and director Stone's "special expertise, education, and knowledge in the field of accounting." (See Pl.'s Opp. at 12, 24-25). Both are irrelevant to any determination of demand futility under Maryland law. See, e.g., Sekuk Global Enters. Profit Sharing Plan v. Kevenides, 2004 WL 1982508, *5 (Md. Cir. Ct. Baltimore City May 25, 2004) ("[E]vidence of personal and/or business relationships [is not] sufficient to excuse a demand even under the more permissive Delaware standard [of demand futility].") (quotations omitted); In re Citigroup, Inc. S'holder Deriv. Litig., 964 A.2d 106, 128 n.63 (Del. Ch. 2009) (rejecting the argument that

---

[7] Delaware courts routinely have rejected similar arguments under the more lenient Delaware standard for evaluating demand futility. See, e.g., Rattner v. Bidzos, 2003 WL 22284323, *14 (Del. Ch. Sept. 30, 2003) (rejecting the argument where "the only particularized facts contained in the Amended Complaint regarding the federal securities class action lawsuits are that such suits were filed and are pending in the Northern District of California"); see also Kernaghan v. Franklin, 2008 WL 4450268 (S.D.N.Y. Sept. 29, 2008) ("Plaintiffs allegation that a derivative suit would expose the director-Defendants to increased chances of liability in securities class actions, without any specification or description whatsoever of these class actions or why particularized allegations, if true, would expose Defendants to a substantial likelihood of liability in such litigation, also fails to satisfy the demand futility requirement of particularized pleading."). In her Complaint, Plaintiff makes a single reference to the class actions, alleging that the directors' "own misconduct…underlies allegations against them contained in class action complaints for violations of federal securities laws," and that pursuing a derivative claim would "greatly increase the probability of their personal liability in the class actions." (Comp. ¶ 59.) Even under less restrictive Delaware law, such conclusory statements do not come close to demonstrating demand futility.

6

directors with "special expertise" are "held to a higher standard of care in the oversight context"). Each of the grounds urged by Plaintiffs as excusing demand has been rejected under applicable Maryland law, and Plaintiff has offered no rebuttal to any of the case law cited by Defendants to this effect. (See Defs.' Mem. at 10-13 (Docket Entry No. 38-a).)

Finally, Plaintiff refers to the fact that "[e]ighteen (18) months have passed since the filing of Plaintiff's Complaint, during which time neither the Director Defendants nor their successors, the HBAM Directors, have taken any substantive action," and bizarrely asserts that the directors should have formed a Special Litigation Committee to investigate her allegations after this Complaint already had been filed. (Pl.'s Opp. at 14.) This argument reveals a fundamental lack of understanding of the laws governing shareholder demand. Maryland law is clear that, at least absent a change in board membership, demand futility is determined as of the time the Complaint is filed. Second, and most obviously, if Plaintiff wished the board to consider her potential derivative lawsuit, then she should have made demand on the board. For this reason, courts universally reject efforts to base demand futility on the premise that "'if [the directors] were inclined to sue, they would have done so before now,'" as such an argument has "no basis in fact or in law." Richardson v. Graves, 1983 WL 21109, *3 (Del. Ch. Ct. June 17, 1983); see also Blasband v. Rales, 971 F.2d 1034, 1052 (3d Cir. 1992) ("Moreover, a board's failure to take action, even if it is aware of wrongdoing, does not demonstrate futility."). Plaintiff's arguments are without merit and should be rejected.

## II. Plaintiff concedes Rule 9(b) applies, and offers no rebuttal to Defendants' argument that her Complaint fails to satisfy the particularity requirement of Rule 9(b) and the PSLRA.

Dismissal of Plaintiff's Complaint likewise is warranted as a matter of law. As stated previously by Defendants, the Complaint is replete with conclusory allegations of securities fraud and intentional misrepresentations. (See Comp. ¶¶ 22, 24, 37, 41, 53; Defs.' Mem. at 13-17.)

7

Nonetheless, Plaintiff offers no argument why the heightened pleading standards of Rule 9(b) and the PSLRA should not apply, and relies upon bare assertions of liability so conclusory as to be essentially meaningless. (See, e.g., Pl.s' Opp. at 27 ("Plaintiff has alleged that all the Defendants who signed RHY Fund's Registration Statements, Prospectuses, and other public filings pursuant to which the Fund was sold to the public that contained untrue statements of material facts, omitted to state other facts necessary to make the statements not misleading, and omitted to state material facts are held strictly liable under Section 11 of the Securities Act.").) Even under the more lenient Rule 8(a) pleading standard, such allegations are insufficient to survive a motion to dismiss. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (rejecting allegations that amounted to nothing more than "bare assertions" or a "formulaic recitation of the elements" of a cause of action) (quotations omitted).

### III. Plaintiff offers no argument against the enforcement of the exculpatory provisions contained in the Advisory Agreement and the Fund's Articles of Incorporation.

Plaintiff concedes that the relevant exculpatory provisions contained in both the Fund Advisory Agreement with MAM and the Fund's Articles of Incorporation are valid insofar as they do not purport to exculpate "willful misfeasance, bad faith, gross negligence, or reckless disregard" of duties. (Pl.'s Opp. at 25.) Both provisions protect MAM and the directors to the fullest extent permitted by law. See Curley Dec. Ex. 5 (RHY Fund Advisory Agreement) & Ex. 6 (RMK Multi-Sector High Income Fund, Inc., Articles of Incorporation) (Docket Entry No. 38-b).

Therefore, in order for Plaintiff's claims to be viable as a matter of law, she must plead *facts* demonstrating that Defendants engaged in non-exculpated conduct. Plaintiff's Complaint does not meet this standard, as she has offered only conclusory assertions of liability. (See, e.g., Comp. ¶ 66 ("Each of the Individual Defendants knew, should have known, or recklessly disregarded that the individual defendants violated and breached their fiduciary duties."); Pl.'s Opp. at 25 ("The derivative claims asserted by Plaintiffs and the class action claims are based on the Director

8

Defendants' knowledge, gross negligence and reckless disregard of their fiduciary duties.").) Such bare allegations do not "raise a right to relief above a speculative level," and all of Plaintiff's claims must be dismissed. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## IV. Plaintiff does not contest the fact that she improperly brought her § 11 claim.

Finally, Plaintiff's claim under § 11 of the 1933 Act fails as a matter of law because such a claim inures to the shareholders of the Fund, not to the Fund itself, and therefore is improperly included in this purported derivative action. Moreover, MAM, as the fund manager and adviser, cannot be a proper party to such a claim, as it is not one of the specified categories of persons who can be held liable under § 11. See 15 U.S.C. § 77k(a). Plaintiff does not contest either of these arguments. As such, her § 11 claim must be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this action be dismissed.

DATED this 19th day of October 2009.

Respectfully submitted,

/s/ Matthew M. Curley
Michael L. Dagley
Matthew M. Curley
W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238
(615)742-6200

Shepherd D. Tate
Michael A. Brady
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, TN  38103-3672
(901) 543-5900

*Attorneys for Morgan Asset Management, Inc., Morgan Keegan & Company, Inc., and MK Holding, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Jeffrey Maletta
Nicole A. Baker
K& L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006

J. Allen Carney
Randall K. Pulliam
James L. Kauffman
CAULEY BOWMAN CARNEY &
WILLIAMS PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR 72211

Kevin H. Sharp
DRESCHER & SHARP, P.C.
1720 West End Avenue, Suite 300
Nashville, TN 37212

Kevin C. Logue
Asa R. Danes
PAUL HASTINGS JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th Street
First Floor
New York, NY 10022

                                              /s/ Matthew M. Curley

8131192.1