IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*Ryan v. Morgan Asset Management, Inc.*, No. 2:08-cv-02162-SMH-dvk | MDL Docket No. 2009 |

# INDEPENDENT DIRECTORS' REPLY BRIEF
# IN SUPPORT OF THEIR MOTION TO DISMISS

Jeffrey B. Maletta
Nicole A. Baker
K&L GATES LLP
1601 K Street, NW
Washington, DC  20006-1600
(202) 778-9000

*Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*

**Table of Contents**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    Because the New Board is Exercising Control Over the Litigation, Futility of Demand on the Prior Board is Immaterial ................................................................. 1

    II.    Demand on the Prior Board Was Not Excused ......................................................... 2

    III.    The Complaint Fails to Satisfy the Heightened Pleading Requirements of Rule 9(b) .................................................................................................................... 4

CONCLUSION ............................................................................................................................. 4

## **TABLE OF AUTHORITIES**

**CASE LAW**

Braddock v. Zimmerman,
    906 A.2d 776 (Del. 2006) ...........................................................................................2

Brody v. Chemical Bank,
    517 F.2d 932 (2d Cir. 1975)........................................................................................2

Danielewicz v. Arnold,
    769 A.2d 274 (Md. App. 2001)...................................................................................3

In re ITT Corp. Derivative Litig.,
    2009 WL 2877599 (S.D.N.Y. Sept. 8, 2009).............................................................3

Werbowsky v. Collomb,
    766 A.2d 123 (Md. 2001) ...........................................................................................3

**OTHER**

Md. Code Ann. § 2-405.3 (2001).................................................................................................2

Fed. R. Civ. P. 9(b) ......................................................................................................................4

Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III (the "Independent Directors") hereby reply to plaintiff's Memorandum in Opposition to Defendants' Motions to Dismiss, Dckt. No. 49, filed September 18, 2009 (the "Opposition" or "Opp.").[1]

## PRELIMINARY STATEMENT

The question of futility of demand on the prior board is now effectively moot given that the unquestionably independent New Board has moved to dismiss the action and is otherwise exercising control over the litigation.

Even focusing on the now academic issue of futility of demand on the prior board, plaintiff has made no serious effort to surmount the high hurdle that Maryland law imposes on a shareholder plaintiff seeking to bypass the board. Instead, she is content to rely on arguments that have been repeatedly rejected even under the law of jurisdictions that are more lenient in excusing demand.

## ARGUMENT

### I. Because the New Board is Exercising Control Over the Litigation, Futility of Demand on the Prior Board is Immaterial

The New Board's decision to file a motion to dismiss (Dckt. No. 45, filed August 18, 2009) and otherwise assume control of the litigation obviates the issue of whether demand on the prior board was excused.

Under Delaware law, a plaintiff in a demand excused case who has shareholder derivative claims that are validly in litigation is not required to make an additional demand on a new and

---

[1] The Independent Directors' opening Memorandum of Law in Support of Defendants' Motion to Dismiss the Class Action Complaint, Dckt. No. 42-2, filed July 30, 2009, will be referred to as the "Memorandum" or "Mem." This Reply Memorandum uses the same abbreviations and defined terms as the Memorandum.

1

independent board that takes office after the complaint is filed. See Braddock v. Zimmerman, 906 A.2d 776, 785-86 (Del. 2006). Significantly, however, Maryland's stronger policy in favor of the demand requirement likely *would* require a new demand in such circumstances. Cf. Brody v. Chemical Bank, 517 F.2d 932 (2d Cir. 1975) (new demand required in amended complaint filed after change in board composition in light of importance of preserving board's ability to control litigation).

Regardless, even Delaware law recognizes that:

> a board comprised of new directors who are under no personal conflict with respect to prosecution of a pending derivative claim may cause the corporation to act in a number of ways with respect to that litigation. For example, the new board can take control of the litigation by becoming realigned as the party plaintiff; move to dismiss the action as not in the corporation's best interest; permit the plaintiff to carry the litigation forward; or appoint a special litigating committee to determine what action to take.

Braddock, 906 A.2d at 785-86 (citations and internal quotation and other marks omitted).

The New Board has taken control of the litigation by moving to dismiss this action and continuing its investigation of the claims asserted in this matter. The question of futility of demand on the prior board thus is effectively moot.

## II. Demand on the Prior Board Was Not Excused

For the sake of completeness, the Independent Directors briefly address plaintiff's erroneous arguments relating to futility of demand on the prior board.

Plaintiff never even cites the controlling Maryland statute applicable to investment companies that required demand on the previous board, Md. Code Ann. § 2-405.3 (2001). As defendants have demonstrated, this statutory provision is an independently sufficient basis for dismissal. See Mem. 2-3, 8-9.

2

The Opposition also makes no serious effort to defend the Complaint's demand futility allegations against the prior board under the strict controlling standards set forth in Werbowsky v. Collomb, 766 A.2d 123 (Md. 2001). See Mem. 2, 6-8, 9-13. Despite spending much of the Opposition reiterating the Complaint's allegations of mismanagement, plaintiff ultimately concedes that, unlike Delaware, Maryland does not allow "injecting into [the demand futility inquiry] issues that go more to the merits of the complaint – whether there was, in fact, self-dealing, corporate waste, or a lack of business judgment with respect to the decision or transaction under attack." Opp. 17, quoting Werbowsky, 766 A.2d at 144. Plaintiff nonetheless asserts that the Werbowsky analysis "closely resembles the test articulated by Delaware courts" for whether directors are disinterested for purposes of considering a shareholder demand in a case where the board did not approve the transaction being challenged by the derivative plaintiff. Opp. 18. She proceeds to argue for demand futility almost entirely under Delaware law. Opp. 18-25.

But the Maryland standard for demand futility is significantly more exacting than Delaware's, and no court properly applying Maryland law has ever found demand excused. See Mem. 8 (collecting authority). See also Danielewicz v. Arnold, 769 A.2d 274, 290-92 (Md. App. 2001) (demand not excused notwithstanding argument that it would have been futile given that director would have to consider suing his mother).

In any event, for the reasons set forth in the Memorandum and in the reply brief submitted by Morgan Asset Management, Inc., the Complaint's allegations are plainly insufficient even under Delaware law. See also In re ITT Corp. Derivative Litig., 2009 WL 2877599 (S.D.N.Y. Sept. 8, 2009) (applying Delaware law analysis and holding that demand was not excused even though company had pleaded guilty to federal felony charges in connection

3

with conduct alleged in complaint and agreed to pay over $100 million in criminal fines, penalties and forfeitures) (attached hereto as Exhibit A).

### III. The Complaint Fails to Satisfy the Heightened Pleading Requirements of Rule 9(b)

While apparently conceding that her claims are subject to Fed. R. Civ. P. 9(b), plaintiff baldly asserts that "the Complaint alleges in great detail Defendants' breaches of fiduciary duties and the reasons why these breaches are actionable despite the exculpation clause." Opp. 27. But neither plaintiff's counterfactual insistence that she has pleaded "in great detail" nor the Complaint's conclusory allegations themselves come close to satisfying the requirement of Fed. R. Civ. P. 9(b) that a plaintiff plead with particularity sufficient *facts* to support her claims. See Mem. 14-16.

### CONCLUSION

For the foregoing reasons, the action should be dismissed.

DATED this 19th day of October 2009.

Respectfully submitted,

/s/ Jeffrey B. Maletta
Jeffrey B. Maletta (DC Bar No. 294009)
Nicole A. Baker (DC Bar No. 484147)
K&L GATES LLP
1601 K Street, NW
Washington, DC  20006-1600
(202) 778-9000
jeffrey.maletta@klgates.com
nicole.baker@klgates.com

*Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 19, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or serve the following via U.S. Mail:

**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**
BART DALTON
RANDALL K. PULLIAM
J. ALLEN CARNEY
11311 Arcade Drive, Suite 200
Little Rock, AR 72211

**DRESCHER & SHARP, P.C.**
KEVIN H. SHARP
1720 West End Ave., Suite 300
Nashville, TN  37212

**BASS BERRY & SIMS PLC**
MICHAEL A. BRADY
SHEPARD D. TATE
100 Peabody Place, Suite 900
Memphis, TN  38103

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
315 Deaderick Street, Suite 2700
Nashville, TN  37238

**PAUL HASTINGS LLP**
KEVIN C. LOGUE
ASA R. DANES
Park Avenue Tower
75 E. 55th Street
First Floor
New York, NY  10022

    Respectfully submitted,

    /s/ Jeffrey B. Maletta
    Jeffrey B. Maletta (DC Bar No. 294009)
    Nicole A. Baker (DC Bar No. 484147)
    K&L GATES LLP
    1601 K Street, NW
    Washington, DC  20006-1600
    (202) 778-9000
    jeffrey.maletta@klgates.com
    nicole.baker@klgates.com

    *Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*