IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*Ryan v. Morgan Asset Management, Inc.*, No. 2:08-cv-02162-SMH-dvk | MDL Docket No. 2009 |

### RESPONSE TO PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Defendants Morgan Asset Management, Inc. ("MAM"), Allen B. Morgan, Jr., and J. Kenneth Alderman (collectively, the "Defendants") respectfully file this response to Plaintiff's surreply in opposition to Defendants' motions to dismiss. Plaintiff's surreply fails to raise any new points of law or rebut any of the arguments set forth in Defendants' respective motions to dismiss.[1] Moreover, Plaintiff misconstrues applicable law and misstates Defendants' arguments in support of their motions to dismiss. As such, these arguments have no impact on the underlying motions to dismiss.

**I.     *Caston v. Hoaglin* further supports Defendants' position.**

Plaintiff continues to argue that the Court should follow the district court's holding in Felker v. Anderson, 2005 WL 602974 (W.D. Mo. 2005), and find demand futile. She contends that Defendants "fail to address the recent application of the Felker decision in Caston v. Hoaglin, 2009 U.S. Dist. LEXIS 87541 (S.D. Ohio Sept. 23, 2009)."

---

[1] As stated in Defendants' Opposition to Plaintiff's Motion for Leave to File a Surreply, Plaintiff's surreply is improper as it attempts to incorporate by reference the 394-page, 876-paragraph First Amended Complaint in Landers v. Morgan Asset Mgmt., Inc., No. 2:08-cv-02260.  (Docket Entry No. 46, at 2 n.1.)  The wholesale incorporation of allegations from a complaint filed in an entirely different action violates Rules 8(a) and 10(c) of the Federal Rules of Civil Procedure.  See, e.g., Davis v. Bifani, 2007 WL 1216518, *1 (D. Colo. Apr. 24, 2007).

Plaintiff's reliance on Caston makes no sense.  The district court in Caston held that demand was *not* futile.  Further, while allowing that "the particularity of pleading in Felker went beyond that seen in [the case before the Caston court]," Caston, 2009 U.S. Dist. LEXIS 87541, at *15, the court sided with what appears to be the unanimous post-Felker view; namely, that the district court in Felker misapplied Maryland law.  The district court in Caston observed that "Felker may conflict with the most recent decisions by the Maryland Court of Appeals and other courts interpreting Maryland law," and "to the extent that Felker may conflict with the Maryland Court of Appeals' holding in Werbowsky, this Court, like the other courts that have considered Werbowsky, *finds it to be unpersuasive.*"  Caston, 2009 U.S. Dist. LEXIS 87541 at *18 (emphasis supplied).  In short, the district court's opinion in Caston supports Defendants' position and underscores yet again why the Complaint must be dismissed.

## II.   Plaintiff misconstrues Maryland Code § 2-405.3 and the Second Circuit's opinion in *Scalisi v. Fund Asset Mgmt., L.P.*

Maryland Corporations and Associations Code § 2-405.3 provides:  "A director of a corporation who with respect to the corporation is not an interested person, as defined by the Investment Company Act of 1940, *shall be deemed to be independent and disinterested when making any determination or taking any action as a director*." (emphasis supplied).  Plaintiff asserts that this provision does not apply in the context of shareholder derivative actions because it is not "specifically related to derivative actions."

Plaintiff's argument is contrary to the statute's plain language, which provides broadly that it applies to "*any*" action as a director.  See generally United States v. Gonzalez, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'") (quoting Webster's Third New International Dictionary 97 (1976)).

2

Plaintiff's argument also misstates relevant case law and ignores the statute's legislative history. Plaintiff cites the Second Circuit's opinion in Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 139 n.10 (2d Cir. 2004), in which the court noted that "[t]his particular statute is not directed specifically to derivative actions (because Maryland has no statute or court rule governing such actions), but rather to related party transactions or other issues under state corporate law." The Second Circuit, however, ***did not*** hold that the statute did not apply in the context of a derivative action. Indeed, the Second Circuit applied § 2-405.3 in the derivative action pending before it, discussing the scope of the statute's determination of "interestedness" of a director. See Scalisi, 380 F.3d at 140.

In addition to misconstruing Scalisi to advance its reading of § 2-405.3, Plaintiff's proposed construction of that statute ignores the statute's legislative history. The Maryland legislature enacted § 2-405.3 in response to Strougo v. Scudder, Stevens & Clark, Inc., 964 F. Supp. 783 (S.D.N.Y. 1997), for the specific purpose of providing additional guidance as to the "interestedness" of directors of mutual funds in the context of derivative actions. See S'holder Deriv. Actions L. & Prac. § 5:13 (2009). It is not surprising, therefore, that other courts and commentators have recognized that the statute applies in the context of a demand futility analysis, as was intended by the Maryland legislature. See, e.g., In re Franklin Mut. Funds Fee Litig., 388 F. Supp. 2d 451, 470 (D.N.J. 2005) (citing the statute in the context of a demand futility analysis for the proposition that "[a]n outside director is presumed to be disinterested"); see also Bus. & Comm. Litig. in Fed. Cts. § 62:86 ("Futility often turns on whether the directors of [a mutual fund] are independent and [Delaware, Maryland, and Massachusetts] have adopted statutes rendering investment company directors who are not 'interested persons' under the [ICA] independent for purposes of state law as well.").

Notwithstanding Plaintiff's assertions to the contrary, § 2-405.3 directly controls the issue of whether the directors were independent for purposes of considering a demand at the time Plaintiff filed her derivative complaint. Plaintiff has pleaded no facts demonstrating that the directors were interested within the meaning of the ICA; therefore she has not met her burden of demonstrating that demand was futile.

### III.    Delaware law is irrelevant to whether demand is futile under Maryland law.

In Werbowsky v. Collomb, 766 A.2d 123 (Md. 2001), the Maryland Court of Appeals – the highest judicial authority in that state – provided explicit guidance regarding the applicability of the demand futility exception under Maryland law and expressly declined to adopt the Delaware approach to demand futility. Id. at 143. This Court should disregard Plaintiff's continued, groundless assertion that the Court should reject cases applying the Werbowsky standard in favor of other cases applying law that the Maryland Court of Appeals has expressly rejected.

### IV.    Futility of demand on the prior Board is moot.

As Defendants have stated in prior filings, it is clear that where, as here, a new and unquestionably independent board takes office and moves to dismiss a derivative lawsuit, the issue of demand futility on the prior board is moot.

Under Delaware law, a plaintiff in a demand excused case who has shareholder derivative claims that are in litigation is not required to make an additional demand on a new and independent board that takes office after the complaint is filed. See Braddock v. Zimmerman, 906 A.2d 776, 785-86 (Del. 2006). Significantly, however, Maryland's stronger policy in favor of the demand requirement likely *would* require a new demand in such circumstances. Cf. Brody v. Chemical Bank, 517 F.2d 932 (2d Cir. 1975) (new demand required in amended complaint

filed after change in board composition in light of importance of preserving board's ability to control litigation).

Regardless, even Delaware law recognizes that:

> [A] board comprised of new directors who are under no personal conflict with respect to prosecution of a pending derivative claim may cause the corporation to act in a number of ways with respect to that litigation. For example, the new board can take control of the litigation by becoming realigned as the party plaintiff; move to dismiss the action as not in the corporation's best interest; permit the plaintiff to carry the litigation forward; or appoint a special litigating committee to determine what action to take.

Braddock v. Zimmerman, 906 A.2d 776, 785-86 (Del. 2006) (citations and internal quotation and other marks omitted).

In this case, as noted in plaintiff's surreply (at 6-7), the New Board has determined that the Fund's interests are best served by seeking dismissal of the action while the New Board continues its investigation of the claims asserted in this matter. If Plaintiff wishes to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) challenging the New Board's decision, she is free to do so with leave of court. But Plaintiff's apparent disagreement with the New Board's determination is utterly beside the point for present purposes.

**V.     Plaintiff's claims are grounded in an alleged course of conduct sounding in fraud.**

Plaintiff's Complaint fails to meet even the basic notice pleading requirements set forth in Federal Rule of Civil Procedure 8(a), a point which Defendants have never "conceded." (See Defs.' Mem. at 17; Defs.' Reply at 7-8.) Furthermore, the particularity requirements of Rule 9(b) do apply, because Plaintiff has elected to ground her non-fraud causes of action in "'a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim.'" In re Daou Sys., Inc. Sec. Litig., 411 F.3d 1006, 1027 (9th Cir. 2005) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003)). Defendants have listed

specific examples of Plaintiff's fraud allegations in their prior briefing, and will not rehash their arguments here.  (See Defs.' Mem. at 14-16.)  Plaintiff's failure to address this argument dooms the claims set forth in her complaint.

## CONCLUSION

In light of the foregoing and Defendants' prior submissions, Defendants respectfully request that the Court grant Defendants' motions to dismiss and dismiss this putative derivative action.

Respectfully submitted,

/s/ Matthew M. Curley
Michael L. Dagley
Matthew M. Curley
W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238
(615)742-6200

Shepherd D. Tate
Michael A. Brady
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, TN   38103-3672
(901) 543-5900

*Attorneys for Morgan Asset Management, Inc., Morgan Keegan & Company, Inc., and MK Holding, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on December 15, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Jeffrey Maletta
Nicole A. Baker
K& L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006

J. Allen Carney
Randall K. Pulliam
James L. Kauffman
CAULEY BOWMAN CARNEY &
WILLIAMS PLLC
11311 Arcade Drive, Suite 200
Little Rock, AR 72211

Kevin H. Sharp
DRESCHER & SHARP, P.C.
1720 West End Avenue, Suite 300
Nashville, TN 37212

Kevin C. Logue
Asa R. Danes
PAUL HASTINGS JANOFSKY &
WALKER LLP
Park Avenue Tower
75 E. 55th Street
First Floor
New York, NY 10022

          /s/ Matthew M. Curley

8208639.2